

FILED
2019 Nov-21  AM 10:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KAYLA FLOYD,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **V.** | ) | **CIVIL ACTION NO:** |
| | ) | |
| **ADP, LLC,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |
| | ) | **JURY DEMAND** |
| | ) | |

## COMPLAINT

## I.     INTRODUCTION

1. Defendant terminated Plaintiff's employment because she was pregnant in violation of the Pregnancy Discrimination Act of Title VII.

2. This is an action for declaratory judgment, equitable relief and money damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, and the Pregnancy Discrimination Act 42 U.S.C. Section 2000e(k).

## II.     JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4),

1

2201 and 2202.  This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. Section 2000e *et seq*., as amended by the Civil Rights Act of 1991, and 42 U.S.C. Section 1981a.

4.     The plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended by the "Civil Rights Act of 1991," 42 U.S.C. § 2000e *et seq*.  The plaintiff timely filed her charge of discrimination within 180 days of the occurrence of the last discriminatory act.  The plaintiff timely filed her lawsuit within 90 days of the receipt of her right-to-sue letter from the EEOC.

## II.    PARTIES

5.     The plaintiff, Kayla Floyd, ("Plaintiff") is a citizen of the United States, and a resident of the State of Alabama and is over nineteen (19) years of age.

6.     The defendant, ADP LLC, ("Defendant") is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. § 2000e *et seq*., as amended by the "Civil Rights Act of 1991," and 42 U.S.C. § 1981a.

## III.   FACTS

7.     Plaintiff began working for Defendant on or about September 9, 2013 as a sales

representative with the job title "District Manager."

8.  Plaintiff's performance was excellent, and she was promoted to sales executive, a managerial position, in June, 2017, while pregnant with her first child.

9.  At the time of her June 2017 pregnancy and promotion, Plaintiff's previous manager had recently left the organization and Plaintiff was the only qualified representative eligible for promotion.

10. During Plaintiff's maternity leave in 2017, she was contacted several times to come back sooner than planned because the team was not doing well in her absence. When Plaintiff returned from her maternity leave, she found that her team was disorganized and had performed poorly while she was out.

11. During her 2017 pregnancy, Plaintiff only took nine weeks of maternity leave as opposed to the twelve weeks allowed under the Family Medical Leave Act.

12. On March 11, 2019, Plaintiff told her boss, Vice President of Sales Casey Fischer, who is male, that she was again pregnant, this time with twins.

13. Plaintiff's 2019 pregnancy fell during the busiest time of Defendant's year, what Defendant refers to as "selling season."

14. Plaintiff's team was performing well, and was among the top five teams in the country at the time she informed Defendant of her pregnancy. Based on sales she had made, Plaintiff would have been entitled to a commission of

approximately $65,000 in July, 2019.

15. On March 13, 2019, just two days after Plaintiff informed Defendant of her pregnancy, Defendant terminated her employment for pretextual reasons.

16. Terminating Plaintiff in March enabled Defendant to avoid paying her her expected $65,000 bonus. It also enabled Defendant to replace Plaintiff with a permanent, non-pregnant manager prior to Defendant's busy season, saving Defendant from a performance decline and loss of revenue similar to what Defendant had experienced during Plaintiff's previous pregnancy leave.

17. In its position statement to the EEOC, Defendant stated that Plaintiff was terminated for allegedly violating the code of business conduct, allegedly mocking sales associates, allegedly being intoxicated to the point of slurring words at team events, as well as allegedly violating company policy by whiting out sales documents and instructing direct reports to do the same.

18. However, each of these stated reasons is false and a pretext for pregnancy discrimination.

19. Moreover, other non-pregnant employees have engaged in similar alleged conduct and have either not been disciplined or have received some lesser discipline short of discrimination.

20. In addition to being cognizable under a "pretext" framework, Plaintiff's

4

pregnancy discrimination claim is also cognizable under a "mixed motive" framework. Even if Defendant had other legitimate or illegitimate reasons for terminating Plaintiff's employment, Plaintiff's pregnancy remained at least a motivating factor in Plaintiff being terminated as opposed to receiving some lesser discipline or no discipline, as shown by the temporal proximity between Plaintiff informing Defendant of her pregnancy and her termination.

21.  Similarly, even if Defendant would have terminated Plaintiff's employment eventually for other legitimate or non-legitimate reasons, Plaintiff's pregnancy was a motivating factor in Defendant deciding to terminate Plaintiff's employment sooner than it otherwise would have done so if she had not informed Defendant of her pregnancy in March, 2019.

22.  Said discrimination was done maliciously, willfully, and with reckless disregard for the rights of Plaintiff.

23.  Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for backpay, declaratory judgment, injunctive relief, and compensatory and punitive damages is her only means of securing adequate relief.

24.  Plaintiff is now suffering, and will continue to suffer irreparable injury from defendant's unlawful conduct as set forth herein unless enjoined by this Court.

## IV.  Cause of Action

25.  As stated above, Plaintiff brings a single cause of action for wrongful termination in violation of Title VII of the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991, 42 U.S.C. Section 1981a, and the Pregnancy Discrimination Act 42 U.S.C. Section 2000e(k).

26.  Plaintiff incorporates by reference all of the above factual allegations in support of her claim of pregnancy discrimination.

27.  Plaintiff's pregnancy was at least a motivating factor in Defendant's decision to terminate Plaintiff's employment.

28.  Defendant terminated Plaintiff's employment under circumstances that could give rise to an inference of pregnancy discrimination. Plaintiff was disciplined more severely than similarly situated non-pregnant individuals who committed misconduct of comparable seriousness to the misconduct Plaintiff is alleged to have committed. Defendant replaced Plaintiff with a non-pregnant individual. The reasons Defendant has articulated for its termination of Plaintiff's employment are false and a pretext for pregnancy discrimination.

29.  Plaintiff's claim is cognizable under a mixed motive framework, as even if Defendant had other legitimate or illegitimate reasons for terminating Plaintiff's employment, Plaintiff's pregnancy remained at least a motivating factor in

Defendant's decision to terminate her employment just two days after Plaintiff informed Defendant that she was pregnant with twins.

30.     Defendant engaged in the above discrimination maliciously, willfully, and with reckless disregard for Plaintiff's federally protected rights. Plaintiff suffered damages as a result of Defendant's violations of her federally protected civil rights.

## V.     Prayer for Relief

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendant are violative of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq*.

2.     Grant Plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq*.

3.     Enter an Order requiring the defendant to make Plaintiff whole by awarding her

reinstatement, front pay, lost wages (plus interest), compensatory and punitive damages, post judgment interest, loss of benefits including retirement, pension, seniority and other benefits of employment.

4.      Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**.

Respectfully submitted,

/s/ Jon C. Goldfarb
Jon C. Goldfarb asb-5401-F58J
L. William Smith asb-8660-A61S
Christina M. Malmat asb-1214-y44q
Lieselotte Carmen-Burks asb-8304-t46e
Counsel for Plaintiff

**OF COUNSEL:**
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone No.: (205) 314-0500
Facsimile No.: (205) 254-1500

**DEFENDANT'S ADDRESS**:
ADP, LLC.
C/O CT CORPORATION SYSTEM
2 NORTH JACKSON STREET SUITE 605
MONTGOMERY, AL 36104

9